UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO FIDEL LUC GABRIEL,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-09033-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On November 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On November 4, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.)

Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On November 6, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's order because, although petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), he should be required to prudentially exhaust his custody review process. (*Id.* at 3–4.) Respondent concedes that petitioner requested a custody redetermination hearing on or about September 23, 2026, but that hearing has not yet been completed. (*Id.*) Respondent has not indicated any opposition to this court ruling on the merits of the underlying petition based on the briefing currently before it and, accordingly, the court will do so.

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Guatemala who entered the United States without admission or parole on an unknown date and time. (Doc. Nos. 8 at 1; 8-1 at 1–3.) On or about March 4, 2025, petitioner was first encountered by immigration officials following an arrest for simple assault. (Doc. No. 8-1 at 1–3.) As a result, petitioner was placed into removal proceedings, detained, and applied for a custody determination. (Doc. No. 8-1 at 8–24.) On April 22, 2025, petitioner posted a five thousand dollar ($5,000) bond and was released from custody. (Doc. No. 8-1 at 4.) Respondent has presented evidence which purports to show that, after his release from immigration custody, petitioner was subsequently arrested on September 21, 2026, for simple assault in violation of New Jersey law. (Doc. No. 8-1 at 11–13.) The record before this court reflects that the most recent simple assault charge remains pending and has not yet been resolved. (*Id.*; Doc. No. 8-1 at 21–24.) On or about September 23, 2026, ICE re-detained petitioner and cancelled his prior immigration bond. (Doc. No. 8 at 1–3, 4.)

/////

/////

/////

There is no indication that petitioner was provided advance notice or a hearing before ICE re-detained him.[1]

At the outset, the court observes that respondent concede petitioner requested a bond hearing on or about September 23, 2026. (Doc. Nos. 8 at 3; 8-1 at 5, 7.) Since that request, petitioner has remained detained for more than 45 days and has not yet been provided a bond hearing. (Doc. No. 8 at 3–4.) The court first considers respondent's argument regarding administrative exhaustion and incorporates and adopts its reasoning in *Wu v. Chestnut,* No. 1:26-cv-04953-DAD-SCR (HC), 2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026), where the court waived prudential exhaustion because "administrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment."

The court next considers petitioner's argument that his detention violates due process. Petitioner obtained a liberty interest in his continued release following his initial release on bond on April 22, 2025. *See Singh v. Acting Field Off. Dir. of San Francisco Field Off.*, No. 1:26-cv-03976-NW, 2026 WL 2043412, at *2 (E.D. Cal. July 15, 2026) ("Petitioner likewise has a protected liberty interest in his continued freedom following his release on bond."); *Rodriguez v. Mullin*, No. 26-cv-03769-JAO-MSB, 2026 WL 1951629, at * 2–3 (S.D. Cal. July 6, 2026) (finding the petitioner obtained a "a significant liberty interest in remaining out of custody pursuant to his release on bond in 2014" and that his detention absent pre-deprivation notice or a hearing was unlawful). In light of petitioner's liberty interest in his continued release following his release on bond, the court incorporates and adopts the reasoning set forth in its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D.

---

[1] Respondent offers evidence that petitioner received a notice of custody determination form (Form I-286) from the Department of Homeland Security on the same day he was re-detained. (Doc. No. 8 at 5.) However, it is unclear whether a hearing was provided prior to or contemporaneously with the issuance of this notice and it is also unclear whether notice was provided to petitioner before he was re-detained. While the Record of Deportable Alien (Form I-213) issued on September 23, 2026, indicates that petitioner was issued a "Form I-200," the actual warrant of arrest has not been provided to this court.

Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioners' immediate release. Further, the court incorporates and adopts the reasoning set forth in *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3–4 (E.D. Cal. Mar. 24, 2026), in which the court concluded that a post-deprivation bond hearing provided months after the petitioner's detention does not satisfy due process where the required pre-deprivation process was not provided. Finally, the court notes that it appears petitioner was detained without a warrant as required by § 1226(a). *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility,* No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (finding that failure to obtain a warrant prior to or contemporaneously with the noncitizen's arrest is a sufficient basis to mandate release).

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Pedro Fidel Luc Gabriel, A-File No. 240-164-881, under the same conditions he was subject to, if any, prior to re-detaining him on or about September 23, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting *habeas* relief;

/////

4. The Clerk of the Court is directed to serve the Central Valley Annex Detention Center with a copy of this order; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE